UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00055-MOC-DCK

| | |
|---|---|
| JASON LEDFORD ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| DAIMLER TRUCKS NORTH ) | |
| AMERICA, LLC, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant Daimler Trucks North America LLC's Partial Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Plaintiff's claim for intentional infliction of emotional distress. (Doc. No. 4.)

**I. BACKGROUND**

Plaintiff's Complaint purports to allege four causes of action against Defendant, all of which revolve around his termination from employment: (1) discriminatory discharge in violation of the Americans with Disabilities Act, as amended (first cause of action); (2) violation of Section 504 of the Rehabilitation Act (second cause of action); (3) wrongful discharge in violation of public policy (third cause of action); and (4) intentional infliction of emotional distress ("IIED") (fourth cause of action). Defendant has filed a Motion to Dismiss the fourth cause of action for IIED. (Doc. No. 4). Plaintiff, who is represented by counsel, did not respond to this Partial Motion to Dismiss.

For the reasons discussed below, Plaintiff's IIED claim is dismissed because Plaintiff has failed to allege either the requisite extreme and outrageous conduct or the severe emotional

1

distress necessary to succeed on such a claim and has also failed to respond to Defendant's Partial Motion to Dismiss this claim.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Id.) (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Id.). However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether

the allegations plausibly give rise to an entitlement to relief. (Id. at 679).

### III. DISCUSSION

#### A. Intentional Infliction of Emotional Distress

In order to demonstrate an IIED claim, a plaintiff must allege facts demonstrating that: (1) the conduct by the defendant was extreme and outrageous; and (2) the conduct was intended to and does in fact cause severe emotional distress. Jackson v. Blue Dolphin Commc'ns of N. Carolina, L.L.C., 226 F. Supp. 2d 785, 793 (W.D.N.C. 2002); Guthrie v. Conroy, 567 S.E.2d 403, 408 (N.C. App. 2002). The initial determination of whether the alleged conduct was intentional, extreme and outrageous enough to support an IIED claim is a question of law for the trial judge. Guthrie, 567 S.E.2d at 409.

#### 1. Extreme and Outrageous Conduct

To be considered "extreme and outrageous" the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," a standard of which the Plaintiff's complaint falls drastically short. Hogan v. Forsyth Country Club, 340 S.E.2d 116, 123 (N.C. App. 1986) (internal quotations omitted). Mere "intemperate" conduct and "insults, indignities, [and] threats" are not enough to rise to the level of extreme and outrageous conduct. Id.; see also Guthrie, 567 S.E.2d at 409.

North Carolina courts have been particularly hesitant in finding IIED claims actionable within an employment setting. Thomas v. N. Telecom, Inc., 157 F. Supp. 2d 627, 635 (M.D.N.C. 2000) (noting that "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support a claim of intentional infliction of emotional distress"); accord Wilson v. S. Nat. Bank of N. Carolina, Inc., 900 F. Supp. 803, 811–12

3

(W.D.N.C. 1995).

Notably, "[a] termination, allegedly in violation of federal law alone, does not constitute extreme and outrageous conduct." Jackson, 226 F. Supp. 2d at 794. Similarly, acts of discrimination, without more, generally do not constitute "extreme and outrageous" conduct necessary for an IIED claim as a matter of law. (Id.). (granting motion to dismiss IIED claim based on allegations of single discriminatory comment); Thomas, 157 F. Supp. 2d at 635 (granting motion to dismiss IIED claim despite allegations of disparate treatment, hostile work environment and retaliation in violation of Title VII).

In this case, conspicuously absent from Plaintiff's allegations are any purported acts of "extreme and outrageous" conduct so atrocious as to meet the standard necessary for an IIED claim. Plaintiff simply alleges that Defendant's action of terminating him and purportedly depriving him of his "dream job" and "primary source of income" was sufficiently extreme and outrageous. (See Compl. at ¶ 60). The remaining allegations contained in Plaintiff's Complaint simply make a declaration of Defendant's knowledge of Plaintiff's upcoming absence and include other conclusory statements without imparting any supporting facts. (Id. at ¶¶ 61-62). In the absence of any allegations of extreme and outrageous conduct, Plaintiff's IIED claim must be dismissed.

### 2. Severe Emotional Distress

Defendant argues Plaintiff's IIED also fails because Plaintiff has failed to allege any facts that support his single conclusory allegation in paragraph 62 of the Complaint that he suffered "significant emotional distress." To show severe emotional distress, a plaintiff "must do more than simply state that he has suffered severe emotional distress; there must be evidence that he has suffered from an emotional or mental disorder, such as, for example, neurosis, psychosis,

chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by a professional trained to do so." See Moody-Williams v. LipoScience, 953 F. Supp. 2d 677, 691-92 (E.D.N.C. 2013) (quoting May v. City of Durham, 525 S.E.2d 223, 230 (Ct. App. 2000)) (granting defendant's motion to dismiss and concluding that plaintiff failed to allege that she suffered an emotional or mental disorder that was severe or disabling, where she alleged that she had panic attacks, was prescribed Prozac and Xanax, and was afraid to run into coworker).

Although a diagnosis by a medical professional is not required, "'mere temporary fright, disappointment or regret will not suffice' to satisfy the element of severe emotional distress.'" Estate of Hendrickson ex rel. Hendrickson v. Genesis Health Venture, Inc., 565 S.E.2d 254, 265 (Ct. App. 2002) (internal citations omitted).

Because Plaintiff has failed to allege any facts to support his conclusory assertion that he suffered "significant emotional distress," and "developed disabling medical conditions" his IIED claim fails as a matter of law and is dismissed. (See Compl. at ¶ 62).

## IV. CONCLUSION

Plaintiff did not refute the arguments put forward by the Defendant in its Motion to Dismiss as Plaintiff failed to provide any response to Defendant's arguments. Furthermore, because the Court finds that the Complaint failed to allege the required elements of an IIED claim, Plaintiff's IIED claim will be dismissed. In short, Defendant's Partial Motion to Dismiss (Doc. No. 4) is **GRANTED**.

**IT IS, THEREFORE, ORDERED** that:

1. The Partial Motion to Dismiss for Failure to State a Claim, (Doc. No. 4) is **GRANTED**.

Signed: April 7, 2021

Max O. Cogburn Jr
United States District Judge